1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                * * *
9   OSVALDO GARCIA,                    Case No. 2:18-cv-00774-JCM-NJK
10                      Petitioner,                      ORDER
         v.
11
    JERRY HOWELL,
12
                     Respondent.
13

14        Before the court is a *pro se* petition for writ of habeas corpus pursuant to 28

15  U.S.C. § 2254, submitted by Osvaldo Garcia (ECF No. 1-1).  His second application to

16  proceed in forma pauperis is granted.  It appears from the petition that it was submitted

17  outside the applicable limitations period and may be subject to dismissal as untimely.

18        The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year

19  statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. §

20  2244(d).  The one-year time limitation can run from the date on which a petitioner's

21  judgment became final by conclusion of direct review, or the expiration of the time for

22  seeking direct review.  28 U.S.C. § 2244(d)(1)(A); *Shelby v. Bartlett*, 391 F.3d 1061,

23  1062 (9th Cir. 2004) (holding that § 2244's one-year limitation period applies to all

24  habeas petitions filed by persons in "custody pursuant to the judgment of a State court,"

25  28 U.S.C. § 2244(d)(1), even if the petition challenges an administrative decision rather

26  than a state court judgment).  Further, a properly filed petition for state postconviction

27  relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

28

Garcia indicates on the face of his petition that he challenges a judgment of conviction that was filed on January 4, 1990 (ECF No. 1-1, p. 1). He has also included in his filings a copy of the December 29, 2017 Nevada Court of Appeals' order affirming the denial of his state habeas petition as untimely by more than 25 years. *Id.* at 19.

In an abundance of caution, petitioner will be given an opportunity to show that he is entitled to equitable tolling of the one-year limitations period. Garcia must demonstrate "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

**IT IS THEREFORE ORDERED** that petitioner's second application to proceed in forma pauperis (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's first application to proceed in forma pauperis (ECF No. 1) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** from the entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling. He shall also set forth a complete and accurate history, with dates, of any relevant state habeas proceedings presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner fails to demonstrate that the petition was timely filed or that he is entitled to equitable tolling the court shall enter an order dismissing the petition.

**IT IS FURTHER ORDERED** that the Clerk shall retain the petition but not file it at this time.

DATED: October 18, 2018.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE